**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4524**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL J. ROUSH,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Timothy M. Cain, District Judge.  (6:18-cr-00168-TMC-1)

Submitted:  May 25, 2021                        Decided:  May 27, 2021

Before DIAZ and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James Barlow Loggins, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant.  William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael J. Roush appeals his 78-month sentence imposed following his guilty plea to conspiracy to commit mail fraud, in violation of 18 U.S.C. §§ 1341, 1349. On appeal, Roush's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Roush's sentence represents an unwarranted sentencing disparity under 18 U.S.C. § 3553(a)(6). Although notified of his right to do so, Roush has not filed a pro se supplemental brief. For the reasons that follow, we affirm.

We review Roush's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider, among other things, whether the district court adequately explained the chosen sentence. *Id.* If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* "Any sentence that is within or below a properly calculated [Sentencing] Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Here, Roush notes that his wife—who was likewise charged in the mail fraud conspiracy—received a sentence two months shorter than his, even though he pleaded guilty whereas she was convicted at trial. However, the district court explained that Roush

2

was the mastermind of the couple's fraud, thereby justifying a slightly longer sentence. Moreover, unlike Roush, his wife simultaneously received a consecutive 60-month sentence for an unrelated embezzlement scheme; thus, in fashioning her overall 136-month sentence, the court had to account for two frauds, not one. *See United States v. Ventura*, 864 F.3d 301, 309 (4th Cir. 2017) (discussing "the holistic approach that a district court should employ when sentencing a defendant convicted of multiple offenses"). We discern no abuse of discretion either in the court's sentencing explanation or in the court's consideration of "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Furthermore, Roush has not rebutted the presumption of reasonableness that applies to his below-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Roush's criminal judgment. This court requires that counsel inform Roush, in writing, of the right to petition the Supreme Court of the United States for further review. If Roush requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Roush.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3